UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-81173-Civ-Cohn/Seltzer

ANA ISABELLA MADIEDO,

    Plaintiff,

v.

MARK GERHARDT, MATTHEW BRINDISI, INTEGRITY WAY and TRANSFORMATIONS TREATMENT, INC.,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS TO FLSA CLAIM

**THIS CAUSE** is before the Court upon Defendants' Motion for Summary Judgment [DE 23], Plaintiff's Response to the Motion [DE 25], Defendants' Reply Memorandum [DE 26], and Plaintiff's "Reply to Reply Memorandum" [DE 27] (hereinafter, "Sur-Reply"). The Court has carefully considered all of the filings in this case and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff filed this action on October 4, 2010, alleging claims for unpaid minimum wages and overtime pay pursuant to the Fair Labor Standards Act ("FLSA"), in addition to several tort claims, including both intentional torts and negligence-related torts.  On December 21, 2010, Plaintiff's then counsel filed a Second Amended Complaint [DE 13] also containing these claims.  Because the pages of this pleading were reversed, the Clerk of Court directed Plaintiff to refile the document [DE 14].  Defendant then moved to compel Plaintiff to refile the document, to file initial disclosures and a statement of claim pursuant to this Court's October 5 Order [DE 13].  After Plaintiff's counsel failed to respond, this Court entered an order to show cause [DE 17].  On February 2, 2011, the parties filed a Notice of Settlement [DE 18].

After Plaintiff rejected the settlement made by her counsel, Plaintiff's counsel moved to withdraw [DE 19]. On April 6, 2011, the Court granted the motion to withdraw with Plaintiff's consent, reset the discovery deadline for May 20, 2011, and set a stay to lift on April 11, 2011 [DE 21].[1] On April 12, 2011, Plaintiff filed a notice that she would be representing herself [DE 22].[2] Plaintiff apparently did not attempt to obtain discovery on her FLSA claim until early May, when she mailed discovery requests to Defendant's counsel. These requests were received on May 10, 2011. Defendants objected to the requests on June 3, 2011, stating that the discovery deadline was May 20, and therefore the requests should have been sent by April 20, in order for Defendants' responses to be due prior to the May 20 cutoff. Exhibit 3 to Defendants' Reply [DE 26-3].

Plaintiff's claims stem from her employment by her then husband's companies, Integrity Way and Transformations Treatment, Inc.[3] Plaintiff alleges that these

---

[1] The Court received correspondence from Plaintiff dated March 25, 2011, which detailed her dispute with her counsel, Marc Reiner, regarding both this action and her divorce proceeding. Attached to the letter were copies of various emails Plaintiff sent to her counsel listing potential witnesses and containing Plaintiff's explanations responding to accusations from Defendants' counsel Andy Salvage. Mr. Salvage did not appear in this action, so it is not clear what court case Plaintiff is referring to in those attachments. The Court did not file these papers in the court file in this action because they appeared to be Plaintiff's privileged communications with her then counsel, and, it was not clear they were part of this action. None of the attachments were in the form of declarations or affidavits, but were Plaintiff's case outlines and witness information, which are inadmissible unsworn explanations of her side of the dispute.

[2] Plaintiff's Notice of Appearance attempted to have a non-lawyer friend, Fred Jordan, as her "Self Co-Counsel." Non-attorneys are not allowed to represent another otherwise competent individual in a lawsuit.

[3] The Court will overlook Plaintiff's failure to refile her Second Amended Complaint as directed by the Clerk because the pages were reversed. In addition, although the Complaint was poorly drafted by Plaintiff's prior counsel and does partially run afoul of the rule against "shotgun pleadings," the Court will also forgive these pleading deficiencies under the circumstances of this case.

employers paid her less than minimum wage and failed to pay overtime from January 5, 2008 through August 5, 2008, when she was terminated.  Plaintiff also alleges various intentional torts against her ex-husband, Matthew Brindisi.  Plaintiff and Brindisi's divorce became final in January of 2010.  Exhibits A and B to Defendants' Reply [DE 26-1 and 26-2].  Defendants move for summary judgment on the FLSA claim on the basis of the passing of the statute of limitations, and the dismissal of the state court claims under 28 U.S.C. § 1367(c)(3).

## II.  DISCUSSION

### A.  Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must point out to the Court that "there is an absence of evidence to support the non-moving party's case."  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Federal Rule of Civil Procedure 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials – including the facts considered

3

undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### B. FLSA Statute of Limitations

Defendants contend that Plaintiff's FLSA claims must be dismissed because they were filed more than two years after she stopped working for Defendants. An FLSA action must be commenced within two years of when it last accrued, except that a cause of action arising out of a willful violation may be commenced within three years. 29 U.S.C. § 255(a). Defendants argue that Plaintiff's Second Amended Complaint fails to allege a willful violation, which requires "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

In response to this argument, Plaintiff asserts that she sought damages for her unpaid wage claims in her divorce proceeding since 2009, but Defendants thwarted her efforts by contending that claims against a corporation could not be brought in divorce court. Plaintiff attaches her Petition for Dissolution from the divorce proceeding, which reveals that she did not in fact plead a claim for unpaid wages; rather, she claimed special equity in the corporations that she alleged were built by her husband with her help. Exhibit to Plaintiff's Response [DE 25]. Plaintiff further expresses frustration with

Defendant's arguments regarding her lack of evidence, contending that Defendants either have the records to show what she was paid, or would have to admit that they don't have any records and were paying her off the books to avoid taxes.[4]

In reply, Defendants argue that Plaintiff did not bring an FLSA claim in the divorce, and if she did, the claim would now be barred under res judicata because the divorce proceeding ended with a mediated settlement and final judgment that do not mention FLSA claims. See Exhibits 1 and 2 to Defendants' Reply. In her Sur-Reply, Plaintiff contends that she dropped the FLSA claim on advice of the divorce mediator in order to file this lawsuit.[5]

The Court agrees with Defendants that the FLSA claim as pled is time-barred. Plaintiff last worked for Defendants on August 5, 2008 and did not file this action until October 4, 2010. The FLSA claim was not part of her Petition for Dissolution in state court, nor was it part of the final judgment in that action. Even if Plaintiff thought it was, that proceeding became final on January 28, 2010, yet the statute of limitations for her FLSA claim did not run until August 5, 2010, and this action was not filed until October 4, 2010. Finally, her Second Amended Complaint does not allege facts to support a claim that her employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. Therefore, no claim for a willful violation has been brought in this action.

---

[4] As noted above in footnote 1, the Court received correspondence from Plaintiff in late March that contained her case outline and witness information, none of which is admissible under Rule 56 of the Federal Rules of Civil Procedure to defeat Defendants' present motion.

[5] The Local Rules do not allow for a party to file a Sur-Reply (otherwise known as a Reply to a Reply). However, again, the Court will consider the filing as Plaintiff is proceeding pro se and no prejudice will inure to Defendants.

### III.  CONCLUSION

With the dismissal of the federal claim, the Court declines to exercise jurisdiction over the remaining state claims pursuant to 28 U.S.C. § 1367(c)(3), as the federal claim over which it has original jurisdiction has been dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment [DE 23] is hereby **GRANTED** on the FLSA claim on the grounds that the two-year statute of limitations has passed;

2. The Court declines to exercise supplemental jurisdiction over the remaining claims – therefore **DISMISSING** the state law claims without prejudice;

3. Any statute of limitation as to the state court claims in Plaintiff's Second Amended Complaint shall be tolled from October 4, 2010 through July 15, 2011;

4. The Court will separately enter a final summary judgment in this case on the two-year FLSA claim.

**DONE AND ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 15th day of July, 2011.

_____
JAMES I. COHN
United States District Judge

copies to: counsel of record

Ana Madiedo   (via CM/ECF mail)
12549 Woodmill Drive
Palm Beach Gardens, FL 33418